IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREA REVELS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:19-cv-1168-L |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## APPENDIX TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

| Item | Description | Page |
|---|---|---|
| 1. | *Defendant's Answer and Objections to Plaintiff's First Set of Interrogatories* (relevant excerpts) | 3 |
| 2. | *Defendant's Responses and Objections to Plaintiff's Requests for Production* (relevant excerpts) | 7 |

**Dated:  September 13, 2019.**

**APPENDIX TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**                                                                 Page 1
Z:\WP\Revels, Andrea\Pleadings\P's Mtn To Compel Disc - Appx.Docx

*Appx. p. 1*

Respectfully submitted,

 /s/  *John L. Thompson*
John L. Thompson
State Bar No. 90001820
jlt@erisaltd.com

Bernard A. Guerrini, Attorney in Charge
State Bar No. 08581700
guerrinipc@erisaltd.com

BERNARD A. GUERRINI, P.C.
6500 Greenville Avenue, Suite 320
Dallas, Texas 75206
Tel:  (214) 692-6556
Fax:  (214) 692-6578

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by means of CM/ECF E-SERVICE this 13th day of September, 2019.

 /s/  *John L. Thompson*
John L. Thompson

**APPENDIX TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**                                                                                   Page 2
Z:\WP\Revels, Andrea\Pleadings\P's Mtn To Compel Disc - Appx.Docx

*Appx. p. 2*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREA REVELS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | C.A. No. 3:19-CV-1168-L |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

# DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

To:   Plaintiff, by and through her attorney of record, Bernard A Guerrini PC, 6500 Greenville Ave. Ste 320, Dallas, Texas 75206-1013.

Pursuant to the Federal Rules of Civil Procedure, Defendant Standard Insurance Company ("Standard") serves its answers and objections to Plaintiff Andrea Revels' First Set of Interrogatories (the "Interrogatory(ies)"). The answers and objections are attached.

Dated: August 29, 2019

Respectfully submitted,

By: /s/ Ryan K. McComber
    Ryan K. McComber
    Texas Bar No. 24041428
    ryan.mccomber@figdav.com
    Cameron E. Jean
    Texas Bar No. 24097883
    cameron.jean@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000 – Telephone
(214) 939-2090 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**STANDARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served via e-mail on August 29, 2019, on the following:

Bernard A Guerrini PC
6500 Greenville Ave. Ste 320
Dallas, Texas 75206-1013

/s/ Ryan K. McComber
Ryan K. McComber

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

For the period of January 2017 to the present, describe (including the categories of information itemized below) Defendant's relationship with the respective healthcare practitioners (including but not limited to Hubert Leonard, M.D. and Richard Handelsman, D.O.) and third-party vendors that were involved in reviewing any portion of Plaintiff's Claim on behalf of Defendant:

    a.    the contract for services with such person/entity;
    b.    the compensation or policy regarding compensation for such person/entity;
    c.    the total number of files referred to such person/entity by year;
    d.    the total dollars paid to each such person/entity by year;
    e.    for each year, the number of reports by such person/entity that supported a claimant's claim of disability (i.e., favorable to awarding disability benefits) and the number of reports by such person/entity that did not support a claimant's claim of disability (i.e. favorable to denying disability benefits);
    f.    whether Defendant monitors, records, or tracks for any purpose, the information identified in items c-e above;
    g.    for each year, the quality assurance measures utilized by Defendant to ensure that such person/entity was/is providing accurate and unbiased reports.

### ANSWER:

Standard objects to this Interrogatory on the following grounds: (1) it is compound; (2) it is vague and ambiguous; (3) it is overbroad and unduly burdensome, particularly with regard to scope and to the extent it seeks documents unrelated to Plaintiff's claim or the determination of Plaintiff's claim, particularly in light of the fact that Standard does not track whether medical consultant reports were favorable or unfavorable to a particular claim because such consultants only comment on restrictions and limitations, and to determine the answer to this Request would require a manual review of each claim file that each medical consultant was involved in for the time-period; (4) it potentially seeks documents which contain confidential, proprietary information, and/or trade secrets; and (5) it seeks information protected by third parties' rights of privacy, as the documents requested are not limited to Plaintiff's claim and would necessarily involve third-parties.

Standard further objects to this Interrogatory because it is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, Standard objects to this Interrogatory to the extent it seeks discovery to determine the existence of a conflict of interest, which is neither necessary or appropriate because the applicable standard of review is de novo in this ERISA case. *See Chavez v. Standard Ins. Co.*, 3:18-CV-2013-N, 2019 WL 1767000, at *3 (N.D. Tex. Apr.

22, 2019) (holding that discovery regarding contractual and financial arrangements with its medical consultants were unwarranted in de novo review); *see also Alexander v. Hartford Life & Acc. Ins. Co.*, No. 3-07-CV-1486-M, 2008 WL 906786, at *1 (N.D. Tex. Apr. 3, 2008) (any conflict of interest on the part of a third-party consultant is irrelevant in any event) (collecting cases).

### INTERROGATORY NO. 2:

With regard to any Documents sent to any Record Reviewer (including but not limited to Hubert Leonard, M.D. and Richard Handelsman, D.O.) and third-party vendors for the review of Plaintiff's Claim, state whether Defendant placed in Plaintiff's Claim file an exact copy of the respective Documents, identified as the exact copy of such Documents, and if so, Identify (including the bates numbers or other page identifier) the respective Documents in Plaintiff's Claim File, and the Record Reviewer and/or third-party vendor to which the Documents were sent.

### ANSWER:

Standard objects to this Interrogatory as compound, and vague and ambiguous. Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), Standard refers Plaintiff to the non-privileged portions of the administrative record, which will be produced and contain the requested information. The burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for either party.

### INTERROGATORY NO. 3:

State whether the record review and evaluation of Plaintiff records and the conclusion drawn by Hubert Leonard, M.D. and/or Richard Handelsman, D.O. were made in accordance with a reference, criterion or guideline provided to them, or if such was performed as one doctor would typically perform such review and evaluation for another doctor as a second opinion.

### ANSWER:

Standard objects to this Interrogatory as compound, and vague and ambiguous. Subject to and without waiving the foregoing objections, Standard states that the subject medical reviews where completed in response to the medical referrals contained in the administrative record.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREA REVELS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 3:19-CV-1168-L |
| STANDARD INSURANCE COMPANY, | § § § § | |
| Defendant. | | |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

To:   Plaintiff, by and through her attorney of record, Bernard A Guerrini PC, 6500 Greenville Ave. Ste 320, Dallas, Texas 75206-1013.

Pursuant to the Federal Rules of Civil Procedure, Defendant Standard Insurance Company ("Standard") serves its responses and objections to Plaintiff Andrea Revels' ("Plaintiff") First Requests for Production (the "Request(s)"). The responses and objections to the Requests are attached.

Dated: August 29, 2019                     Respectfully submitted,

                                           By: /s/ Ryan K. McComber
                                                   Ryan K. McComber
                                                   Texas Bar No. 24041428
                                                   ryan.mccomber@figdav.com
                                                   Cameron E. Jean
                                                   Texas Bar No. 24097883
                                                   cameron.jean@figdav.com

                                           **FIGARI + DAVENPORT, LLP**
                                           901 Main Street, Suite 3400
                                           Dallas, Texas 75202
                                           (214) 939-2000 – Telephone
                                           (214) 939-2090 – Facsimile

                                           **ATTORNEYS FOR DEFENDANT**
                                           **STANDARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served via e-mail on August 29, 2019, on the following:

Bernard A Guerrini PC
6500 Greenville Ave. Ste 320
Dallas, Texas 75206-1013

                                           /s/ Ryan K. McComber
                                           Ryan K. McComber



### REQUEST FOR PRODUCTION NO. 6:

For the period of January 2017 to the present, as to each respective health-care practitioner (including but not limited to Hubert Leonard, M.D. and Richard Handelsman, D.O.) and third-party vendors, involved in evaluating Plaintiff's Claim:

    a.    the contract for services with such person/entity;

---

    b.    the compensation or policy regarding compensation for such person/entity;
    c.    a document(s) reflecting the total number of files referred to such person/entity by year;
    d.    a document(s) reflecting the total dollars paid to such person/entity by year;
    e.    a document(s) reflecting the number of reports each year by such person/entity that supported a claimant's claim of disability (i.e. favorable to awarding disability benefits) and/or the number of reports by such person/entity that did not support a claimant's claim of disability (i.e. favorable to denying disability benefits); and
    f.    a document(s) reflecting for each year the quality assurance measures utilized by Standard to ensure that such person/entity was/is providing accurate and unbiased reports.

**RESPONSE:**

Standard objects to this Request on the following grounds: (1) it is compound; (2) it is vague and ambiguous; (3) it is overbroad and unduly burdensome, particularly with regard to scope and to the extent it seeks documents unrelated to Plaintiff's claim or the determination of Plaintiff's claim, particularly in light of the fact that Standard does not track whether medical consultant reports were favorable or unfavorable to a particular claim because such consultants only comment on restrictions and limitations, and to determine the answer to this Request would require a manual review of each claim file that each medical consultant was involved in for the time-period; (4) it potentially seeks documents which contain confidential, proprietary information, and/or trade secrets; and (5) it seeks information protected by third parties' rights of privacy, as the documents requested are not limited to Plaintiff's claim and would necessarily involve third-parties.

Standard further objects to this Request because it is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, Standard objects to this Request to the extent it seeks discovery to determine the existence of a conflict of interest, which is neither necessary or appropriate because the applicable standard of review is *de novo* in this ERISA case. *See Chavez v. Standard Ins. Co.*, 3:18-CV-2013-N, 2019 WL 1767000, at *3 (N.D. Tex. Apr. 22, 2019) (holding that discovery regarding contractual and financial arrangements with its medical consultants were unwarranted in *de novo* review); *see also Alexander v. Hartford Life & Acc. Ins. Co.*, No. 3-07-CV-1486-M, 2008 WL 906786, at *1 (N.D. Tex. Apr. 3, 2008) (any conflict of interest on the part of a third-party consultant is irrelevant in any event) (collecting cases).

**REQUEST FOR PRODUCTION NO. 7:**

All documents Standard sent to or received from any third-party vendor (including but not limited to Hubert Leonard, M.D. and Richard Handelsman, D.O.) and any third-party vendors that pertain to Plaintiff or reference Plaintiff or relate to the process of reviewing,

any portion of a claim file, including without limitation, correspondence, peer review report templates, reports, drafts, notes, e-mails, receipts, and checks.

**RESPONSE:**

Standard objects to this Request on the following grounds: (1) it is compound; (2) it is vague and ambiguous; (3) it is overbroad and unduly burdensome, particularly with regard to scope and to the extent it seeks documents unrelated to Plaintiff's claim or the determination of Plaintiff's claim, as it specifically requests "correspondence, peer review report templates, reports, drafts, notes, e-mails, receipts, and checks" unrelated to Plaintiff's claim; (4) it potentially seeks documents which contain confidential, proprietary information, and/or trade secrets; and (5) it seeks information protected by third parties' rights of privacy and HIPPA protected information, as the documents requested are not limited to Plaintiff's claim and would necessarily involve third-parties.

Subject to and without waiving the foregoing objections, Standard agrees to produce the non-privileged responsive documents related to Plaintiff's claim, which are included in the administrative record.

**REQUEST FOR PRODUCTION NO. 8:**

Documents reflecting any definitions, standards, and/or instructions provided to any physician or health-care practitioner (including but not limited to Hubert Leonard, M.D. and Richard Handelsman, D.O.) and third-party vendors who, on behalf of Standard, reviewed or was involved in the review of Plaintiff's Claim or Plaintiff's Claim File, whether such were to be followed generally or were specific to Plaintiff's Claim.

**RESPONSE:**

Standard objects that this Request is overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent this Request seeks confidential claims manuals and other confidential documents irrelevant to Plaintiff's claim, if any, and answers this Request based on the understanding that Plaintiff seeks confidential claims manuals and other confidential documents applicable to the determination of Plaintiff's claim, if any. Standard also objects to this Request to the extent it seeks confidential or proprietary information, including but not limited to confidential claims manuals and other confidential documents utilized by Standard in determining claims, without the entry of a protective order. Standard agrees to produce responsive documents relevant to how Standard interpreted the Policy and the specific terms applicable to the closing of Plaintiff's claim, subject to the entry of a protective order.